IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SHAWN E. B., § | |
|     PLAINTIFF, § | |
| § | |
| V. § | CASE NO. 3:23-CV-2106-L-BK |
| § | |
| COMMISSIONER OF THE § | |
| SOCIAL SECURITY ADMINISTRATION, § | |
|     DEFENDANT. § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636 and *Special Order 3*, this case was referred to the United States magistrate judge for pretrial management. *Defendant's Unopposed Motion to Reverse and Remand*, Doc. 27, is now before the Court for findings and a recommended disposition. As detailed here, the motion should be **GRANTED**, the Commissioner's decision should be **REVERSED**, and this case should be **REMANDED** for further proceedings.

In September 2023, Plaintiff filed a complaint in this case, seeking judicial review of a final administrative decision of the Commissioner that denied his application for benefits under the Social Security Act. Doc. 1, *passim*. In February 2024, he filed his opening brief, arguing that the ALJ committed reversible error by failing to adequately explain the supportability and consistency factors set forth in 20 C.F.R. § 404.1520c when evaluating an opinion from one of Plaintiff's mental health providers. Doc. 26, *passim*. On March 20, 2024 (the day the Commissioner's responsive brief was due), the Commissioner filed the motion *sub judice*, requesting the Court to remand this case based on the fourth sentence of 42 U.S.C. § 405(g). Doc. 27.

In *Melkonyan v. Sullivan*, 501 U.S. 89, 97-102 (1991), the Supreme Court clarified that there are only two types of remand orders permitted under 42 U.S.C. § 405(g). The fourth sentence of § 405(g) further states that the remand order may be entered upon the pleadings and transcript of the record. 42 U.S.C. § 405(g). The Supreme Court has held that a remand for further administrative proceedings, like the remand requested in the case at bar, is a fourth sentence remand under 42 U.S.C. § 405(g). *See Sullivan v. Finkelstein*, 496 U.S. 617, 625-26 (1990) (sentence four provides the appropriate relief when the evidence on the record does not support the Commissioner's conclusions and further fact finding is necessary).

Having reviewed the record, the submissions of the parties, and the applicable law, it is recommended that *Defendant's Unopposed Motion to Reverse and Remand*, Doc. 27, be **GRANTED**, the Commissioner's decision be **REVERSED**, and this case be **REMANDED** for further administrative proceedings.

**SO RECOMMENDED** on March 20, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).